# United States District Court
# District of Massachusetts

SALAAM R. SAKOOR,
     Plaintiff,

     v.                          CIVIL ACTION NO. 2009-10534-NMG

JEAN LANDIS NAUMANN, ET AL.,
     Defendants.

## *REPORT AND RECOMMENDATION ON MOTION TO DISMISS (#4)*

COLLINGS, U.S.M.J.

### *I. Introduction*

Plaintiff Salaam R. Sakoor ("Sakoor" or "plaintiff") is a civilly committed mental patient at the Massachusetts Department of Health.   (#1, Part 2 - Complaint ¶ 3).  In this putative civil rights action,[1] Sakoor seeks damages and

---

[1]

     Sakoor purports to bring this action under 42 U.S.C. § 1983, which permits actions against officials acting under color of state law.  Here, the named defendants are federal officials.  Nevertheless, as Sakoor is *pro se*, the Court construes the pleadings liberally in its analysis below.

equitable relief against the defendants, officials at the Social Security Administration ("SSA"), alleging, essentially, that they violated his constitutional and federal statutory rights by not sending him forms that he requested from their office. The government has moved to dismiss the action (Motion to Dismiss, #4) for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). The government contends that subject matter jurisdiction is lacking because Sakoor has not exhausted his administrative remedies as required under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680, 2401(b) ("FTCA"). (Memorandum in Support re Motion to Dismiss, #5 at 2)

On April 29, 2009, Sakoor filed his Opposition to Defendants [sic] Motion to Dismiss (#7). On July 6, 2009, the United States filed a Reply to Plaintiff's Opposition (#9). With the record complete, the Motion to Dismiss is ripe for decision.

## II. Background

The facts here can be quickly summarized. Plaintiff is a civilly committed mental patient at the Massachusetts Department of Mental Health. (#1 ¶ 3) According to his complaint, for three months he had "request[ed] that the defendants forward him the necessary forms to complete, and submit for filing

2

as required by law to obtain childhood disability benefits," (#1 ¶ 6), and that

"[a]ll requests have and continue to be ignored by the defendants." (#1 ¶ 7)

The record establishes that, on December 15, 2008, the named defendant, Jean

Landis Naumann, sent Sakoor a letter, along with an enclosed pamphlet

explaining the qualifications for Disabled Adult Children benefits. (#5 Exh. 2)

The letter also stated:

> Generally, no benefits are payable to convicts in a
> public institution.  However, inmates may apply for
> benefits within 90 days of their release date.
> All application forms are available through our web site
> www.socialsecurity.gov.  If there is no internet access
> available to you or your case manager/social worker,
> paper forms can be mailed to you at the point you are
> within 90 days of release.
>
> Please feel free to contact us at the appropriate time if
> you need application forms.

(#5 Exh. 2)

Sakoor filed suit in Massachusetts state court on February 11, 2009.  On April

7, 2009, the government removed the case to federal court.

### III. Discussion

#### A.  Standard of Review

"'Because federal courts are courts of limited jurisdiction, federal

jurisdiction is never presumed.  Instead, the proponent – here, the plaintiff[] –

must carry the burden of demonstrating the existence of federal jurisdiction.'"

*Cutting v. United* States, 204 F. Supp.2d 216, 218 (D. Mass. 2002) (quoting

*Viqueira v. First Bank,* 140 F.3d 12, 16 (1st Cir. 1998)), *aff'd sub nom. Skwira*

*v. United States*, 344 F.3d 64 (1st Cir. 2003), and *cert. denied*, 542 U.S. 903

(2004). *See also Murphy v. United States,* 45 F.3d 520, 522 (1st Cir.) ("[T]he

party invoking the jurisdiction of a federal court carries the burden of proving

its existence.") (internal quotation marks and citation omitted), *cert. denied,* 515

U.S. 1144 (1995).   In deciding a challenge to the court's subject matter

jurisdiction under Fed. R. Civ. P. 12(b)(1), the court may consider materials

outside the pleadings.  *See Gonzalez v. United States*, 284 F.3d 281, 288 (1st Cir.

2002).

**B.  Analysis**

*1. The Claims*

Sakoor contends that the defendants' refusal to comply with his requests

for forms constitutes a violation of  "the rules, regulations, policies, and

procedures of the [SSA] as well as established law to the prejudice and

detriment of the plaintiff's Constitutional rights to due process and equal

protection." (#1 ¶ 8)  He seeks to assert claims for monetary and injunctive

relief against the defendants in their individual and official capacities.  (*See* #1

4

¶ 9)   The government moves to dismiss for lack of subject matter jurisdiction because Sakoor has failed to exhaust his available administrative remedies, under either the Federal Tort Claims Act, or the Social Security Act.  Sakoor rejoins that the gravamen of his complaint "is the outright denial by the defendants of the very remedies which they now claim plaintiff failed to exhaust."  (#7 ¶ 4)  In particular, he argues:

> Defendants absolutely refused to even provide plaintiff with the very documents required to even file a claim. Choosing instead to send a letter to plaintiff wrongfully claiming that plaintiff was not entitled to benefits because plaintiff was a convict.  All while knowing full well that . . . plaintiff is a civilly committed mental patient under no prison sentence.   (See) <u>King v. Greenblatt</u>, 53 F. Supp. 2d 117, 138 (D. Mass. 1999) "Civilly committed residents at treatment center are not "prisoners" within the meaning of 28 U.S.C. § 1915(h). That the defendants and each of them knew or should [have] known that several residents at the treatment center are collecting benefits."

(#7 ¶ 4)

   2.  *Sovereign Immunity and Subject Matter Jurisdiction*

Here, Sakoor seeks both legal and equitable relief, and purports to sue the federal defendants in both their individual and official capacities.  Although Sakoor has not named the United States as a party, sovereign immunity principles are nevertheless implicated.  *See Coggeshall Development Corp. v.*

*Diamond*, 884 F.2d 1, 3 (1ˢᵗ Cir. 1989) ("Notwithstanding that the United States is not a named party, 'a suit is against the sovereign if the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration' . . . or if the effect of the judgment would be 'to restrain the government from acting, or to compel it to act.'") (*quoting Dugan v. Rank*, 372 U.S. 609, 620 (1963)(other internal quotation marks omitted). Bedrock principles of sovereign immunity hold "that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983)(footnote omitted). Thus, "a person attempting to sue a federal agency or officer must demonstrate that the claim being asserted is covered by a specific statutory authorization to sue the United States, or that in effect the proceeding is not a suit against the United States. . . . [T]his is a fundamental subject matter jurisdiction requirement for suits against the United States." 14 Charles A. Wright, et al., *Federal Practice and Procedure* § 3655, at 346 (1998). *See also Rakes v. United States*, 442 F.3d 7, 18 (1ˢᵗ Cir. 2006) ("Courts have no jurisdiction over claims against the federal government, except where the government has expressly waived its immunity.") (citing *United States v. Kubrick*, 444 U.S. 111, 117 (1979)).

To the extent that Sakoor asks the Court to compel the defendants to supply him with the forms he has requested, the claim for relief constitutes a suit against the United States because "the effect of the judgment would be to . . . compel [the government] to act." *See Coggeshall Development Corp.*, 884 F.2d at 3, 4 ("although [the plaintiff] sought an order to compel officers of the United States to perform what it claims is a ministerial duty owed to it by the United States, the real party defendant is the United States."). An action for specific relief against federal officials may lie only where a party alleges "that the officers in question have acted outside their scope of authority." *Id.* At most, Sakoor's allegations suggest that the government officials' actions here were based on a misguided view of the law, but "a mere claim that an official has erred in the exercise of a delegated power is not enough to bring the action out from behind the protective shield of sovereign immunity." *Muirhead v. Mecham*, 427 F.3d 19, 20 (1st Cir. 2005) (citing *Larson v. Domestic & Foreign Commerce Corp.*, 337 U.S. 682, 695 (1949)).

Sakoor himself has not grounded his complaint on a specific statutory waiver of sovereign immunity[2]. For its part, the government posits persuasively

---

[2]

As noted, Sakoor purports to bring this action under 42 U.S.C. § 1983. Even if the Court were to construe the complaint liberally as an attempt to state a cause of action under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) (permitting suits against individual federal officers

that Sakoor's complaint sounds in tort, and that any legal remedy against the

defendants in their official capacity would lie, if at all, under the Federal Tort

Claims Act, 28 U.S.C. §§ 2671, *et seq.*, which waives sovereign immunity to

permit money damages against the United States for injury caused by the

negligent or wrongful omission of a federal employee.   In the same breath,

however, the government moves to dismiss because, even construing the

complaint to state a claim under the FTCA, the FTCA requires exhaustion of

administrative remedies as a jurisdictional prerequisite to bringing suit, and

Sakoor has not alleged that he has exhausted his remedies under the FTCA.

Sakoor counters that he cannot effectively exhaust his administrative remedies

because the defendants have refused to send him the forms required to start the

administrative review process.  This argument is a non-starter.  If Sakoor wished

to pursue legal action against the United States, the FTCA requires that "[a] tort

claim against the United States...[be] presented in writing to the appropriate

Federal agency."  28 U.S.C. § 2401(b).   Nothing appears to have prevented

Sakoor from meeting this requirement.  As for any argument that he could not

---

for monetary damages alleged to have violated a citizen's constitutional rights), the Supreme Court, in *Schweiker v. Chilicky*, 487 U.S. 412, 428 (1988), has definitively disallowed *Bivens* actions in the Social Security context.  *See Correctional Services Corp. v. Malesko*, 534 U.S. 61, 68 (2001) (noting that *Schweiker* "declined to infer a damages action against individual Government employees alleged to have violated due process in their handling of Social Security applications").

exhaust his administrative remedies under the SSA, the Court notes that
although Sakoor alleges that his requests for forms were ignored, he also
concedes that SSA sent him a letter informing him how to go about obtaining
the necessary forms.   Surely, Sakoor must bear some burden in resolving
whatever bureaucratic conundrum he has identified rather than repairing to the
courts in the first instance.[3]   That is, common sense dictates that Sakoor should
have attempted to communicate to the SSA, by letter or otherwise, his view that
the defendants had wrongly classified him as a convict (assuming *arguendo* the
correctness of Sakoor's legal position) in the December 15, 2008 letter.   Short
of any indication that Sakoor exercised some measure of diligence in pursuing
his claims before seeking judicial redress, the Court concludes that his
complaint should be dismissed.

## IV. Conclusion

For all the reasons stated, I RECOMMEND that the Motion to Dismiss
be ALLOWED and that Final Judgment enter dismissing the Complaint
pursuant to Fed. R. Civ. P. 12(b)(1).

---

[3]

*Cf. Wilson v. Secretary of Health and Human Services,* 671 F.2d 673, 678 (1st Cir. 1982) (discussing importance of exhaustion principles under SSA and noting "court resources are reserved for dealing primarily with those matters which could not be resolved administratively.").

9

## V.  Review by the District Judge

The parties are hereby advised that any party who objects to this recommendation must file a specific written objection thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation.  The written objections must specifically identify the portion of the recommendation, or report to which objection is made and the basis for such objections.  The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b), Fed. R. Civ. P., shall preclude further appellate review.  *See Keating v. Secretary of Health and Human Services*, 848 F.2d 271 (1st Cir. 1988); *United States v. Emiliano Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *United States v. Vega*, 678 F.2d 376, 378-379 (1st Cir. 1982); *Park Motor Mart, Inc. v. Ford Motor Co.,* 616 F.2d 603 (1st Cir. 1980); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

*/s/ Robert B. Collings*
ROBERT B. COLLINGS
United States Magistrate Judge

March 5, 2010.